***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. Defendant hired plaintiff as a full-time housekeeper in order to care for his home in 1999 and she was the only employee he had at that time.
2. Defendant hired Allison Farmer as a nanny while plaintiff was still employed. Ms. Farmer got married during her time of employment with defendant and her last name became Rhodes.
3. Defendant currently has two employees and has never had three or more employees.
4. Following defendant's testimony at the hearing before the deputy commissioner, Assistant Attorney General Myra Griffin made a motion to dismiss the penalties in this matter.
5. Plaintiff's Form 18 and Form 33 were filed with the Industrial Commission on November 21, 2003 for alleged injuries to the right and left knees. The Form 18 indicates an injury date of "5-2001" and the Form 33 indicates injury dates of "2-01 and 5-01."
6. Plaintiff filed her Form 18 and Form 33 more than two years after the date of her alleged injuries as evidenced by the information provided by plaintiff on the aforementioned Forms.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Workers' Compensation Act does not apply to any employer who regularly employs less than three employees, nor to domestic servants. N.C. Gen. Stat. §§ 97-2(1); 97-13(b).
2. Having three (3) or more regular employees is a jurisdictional prerequisite. Consequently, since this prerequisite is not met in the instant case, defendant is not subject to the jurisdiction of the Commission. N.C. Gen. Stat. § 97-2.
3. Even assuming arguendo that plaintiff's employment was subject to the Workers' Compensation Act, plaintiff failed to file her claim with the Industrial Commission within the statutory period and her right to compensation is barred. N.C. Gen. Stat. § 97-24 states that "the right to compensation under this Article shall be forever barred unless (i) a claim or memorandum of agreement as provided in N.C. Gen. Stat. § 97-82
is filed with the Commission or the employee is paid compensation as provided under this Article within two years after the accident or (ii) a claim or memorandum of agreement as provided in N.C. Gen. Stat. § 97-82
is filed with the Commission within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article." N.C. Gen. Stat. § 97-24.
 ***********
Based upon the foregoing findings of fact and Conclusions of Law, the undersigned makes the following:
 ORDER
1. Plaintiff's claim in this matter must be, and the same is hereby DISMISSED WITH PREJUDICE for lack of jurisdiction.
2. PH-1044 is hereby Dismissed without Prejudice.
3. Each side shall pay its own costs.
This the 28th day of February 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/llc